IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,  )  **Case No. 3:25-mj-00886-BW**
                                       )  **(Merged into 3:25-cr-457-N)**
        Plaintiff,        )
                                         )  Dallas, Texas
v.                                 )  September 10, 2025
                                         )  10:00 a.m.
FANGZHOU CHEN,                     )
                                         )  INITIAL APPEARANCE
        Defendant.        )
_____ )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE BRIAN MCKAY,
UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

For the Plaintiff:          Vincent Mazzurco
                            UNITED STATES ATTORNEY'S OFFICE
                            1100 Commerce Street, Suite 300
                            Dallas, TX  75242-1699
                            (214) 659-8600

For the Defendant:          Curt Waide Crum
                            CURT CRUM ATTORNEY AT LAW, PLLC
                            1 E. Henderson Street
                            Cleburne, TX  76031
                            (817) 645-1161

For Probation and           Officer Howard
Pretrial Services:

Recorded by:                Angelica Aguilar
                            UNITED STATES DISTRICT COURT
                            1100 Commerce Street, Room 1452
                            Dallas, TX  75242-1003
                            (214) 753-2183

Transcribed by:             Kathy Rehling
                            311 Paradise Cove
                            Shady Shores, TX  76208
                            (972) 786-3063

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

DALLAS, TEXAS - SEPTEMBER 10, 2025 - 10:58 A.M.

THE COURT:  Case No. 3:25-mj-886, United States versus Fangzhou Chen.

MR. MAZZURCO:  Good morning, Your Honor.  Victor Mazzurco for the United States.

THE COURT:  Good morning.

MR. CRUM:  And Curt Crum for Ms. Chen -- Mrs. Chen, Your Honor.

THE COURT:  Thank you.  Good morning.

Ms. Chen, you're here in federal court this morning because there has been a criminal complaint filed charging you with a felony offense.

The purposes of our hearing today are to ensure that you understand the charge in the complaint.

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  To advise you of certain rights that you have.  To make sure that you have an attorney to represent you in this case.  And then for the Court to consider whether you should be released or instead remain in custody while the charge in the complaint is pending.

Ms. Chen, you have the right to not make any statement, and any statement you choose to make other than a private statement to your attorney may be used against you.

Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  If you're not a citizen of the United States, you may request that a Government attorney or a federal law enforcement official notify a consular officer from your country of nationality that you have been arrested. Even without making that request, however, there may be some treaty or international agreement that requires the Government to make that notification.

If you would like to request that the notification be made, I encourage you to speak with your attorney about making that request.

Ms. Chen, you have the right to have an attorney to represent you in this case.  You can hire an attorney of your choice, or, if you're unable to hire an attorney, you can ask the Court to appoint one to represent you in this case at no cost to you.

Are you asking the Court to appoint an attorney?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Ms. Chen, are you able to see this document I'm showing you entitled Financial Affidavit?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Did you complete this document and sign it at the bottom?

THE DEFENDANT:  Yes.

THE COURT:  You did so under penalty of perjury, meaning that any knowingly-false statement made in the

document could subject you to legal penalties.

After reviewing this -- let me ask you this, Ms. Chen. Do you have any intention of retaining an attorney, hiring an attorney?

THE DEFENDANT:  Yes.  I will just hire him.

THE COURT:  Okay.  All right.

THE DEFENDANT:  At this moment.

THE COURT:  Okay.  Based on the information in the financial affidavit, in the disclosure of considerable assets, I am going to appoint Mr. Crum to represent you in this case.  I am going to, however, require that you do contribute to the cost of the representation.  I am going to require you to pay a total of $2,000 at a rate of $500 a month for the next four months.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  All right.  So those are the terms of the appointment.

Mr. Crum, thank you for taking the appointment.

MR. CRUM:  You're welcome, Your Honor.

THE COURT:  Ms. Chen, did you have an opportunity to visit with Mr. Crum before our hearing today?

THE DEFENDANT:  Yes.

THE COURT:  Have you received a copy of the complaint that's been filed in this case and the supporting affidavit?

THE DEFENDANT:  Yes.

THE COURT:  Did you have an opportunity to visit with Mr. Crum about the contents of that complaint?

THE DEFENDANT:  Yes.

THE COURT:  After talking with him about it, do you understand what it is that the complaint charges you with?

THE DEFENDANT:  Yes.

THE COURT:  Because you have not been charged by indictment in this case, you have the right to a preliminary hearing.  At a preliminary hearing, the Court would consider whether the Government shows that there's probable cause to believe that you violated the statutes as alleged in the criminal complaint.

At the preliminary hearing, you would have the right to the assistance of your attorney, the right to cross-examine the Government's witnesses, the right to object to the Government's evidence except on the basis that it was unlawfully obtained, and the right to present your own evidence and witnesses.

If you remain in custody, you would have the right to have that preliminary hearing within the next 14 days.  If, however, you are released, you would have the right to have that hearing within 21 days.  If, however, in the interim, a grand jury was to issue an indictment in your case, you would no longer have the right to the preliminary hearing and we

would not have that hearing.

Mr. Crum, have you had an opportunity to visit with Ms. Chen about her right to the preliminary hearing?

MR. CRUM:  Your Honor, I apologize, I failed to discuss that with her.  We just got caught up talking about the complaint, so I did not speak with her regarding that.

THE COURT:  Okay.  Let me ask this first.  Mr. Mazzurco, what's the Government's position with respect to release or detention?

MR. MAZZURCO:  Your Honor, we've been discussing release conditions with counsel.  We are not seeking to detain, but we are seeking certain release conditions.

THE COURT:  Okay.  All right.  And I have received the Government's proposed conditions of release.  So, Mr. Crum, I think what I would like to do is go ahead and discuss the matter of release.  And once we've addressed that, I would like to recess so that you can visit with her about her right to a preliminary hearing --

MR. CRUM:  Yes, Your Honor.

THE COURT:  -- and ensure that that is taken care of before we are done this morning.  Okay?

MR. CRUM:  Yes, sir.

THE COURT:  All right.  Ms. Chen, the Government is not seeking to have you detained while the charges in the complaint are pending.  I am, therefore, going to order that

you be released on conditions.  I will give you an opportunity here shortly to visit with Mr. Crum about the conditions that I'm going to release you on, but those conditions will include the following:

You will, of course, be prohibited from violating any federal, state, or local law.

You might be required to cooperate in the collection of a DNA sample.

You will be required to appear in court as directed.

You will be required to submit to supervision by Pretrial Services.  And you would be required to appear, report to them within 24 hours of your release, and then thereafter as directed.

I believe you have more than one passport.  You are to surrender all passports to the District Clerk.

Mr. Crum, I don't --

MR. MAZZURCO:  Your Honor, the FBI seized two of those passports.  We can either hand those over to Mr. Crum or we'll bring those to Pretrial Services.

THE COURT:  Okay.

(Pause.)

THE COURT:  Okay.  Yes, Mr. Mazzurco, if you would have the FBI surrender those directly to the District Clerk.

MR. MAZZURCO:  Yes, Your Honor.

THE COURT:  All right.  Ms. Chen, you're also going

to be required not to obtain any other passport or international travel document.

Your travel will be restricted to the Northern and the Eastern Districts of Texas, unless you have prior authorization of the supervising officer.

You're to avoid all contact, directly or indirectly, with any person who is or may be a victim or a witness in the investigation or prosecution of this case.

Mr. Mazzurco, it's my understanding that you have identified six individuals that you have disclosed to defense counsel that would be within this no-contact restriction. So that the record is clear what my preference would be, I have prepared a sealed supplement to my order setting conditions specifically naming those six individuals. And so my proposal, so that the record is clear and she understands with clarity at least who these six people are, is that I would sign this order as a supplement to my Order Setting Conditions, and that this would remain under seal but she would have a copy.

MR. MAZZURCO: That's appropriate. Thank you, Your Honor.

THE COURT: Okay. Mr. Crum, do you wish to be heard on that?

MR. CRUM: Just that I did receive that list of those six individuals and I have discussed those with Ms.

Chen and she's aware of who they are.

THE COURT:  Okay.  All right.

Also, you would be required to obtain medical or psychiatric treatment as directed by Pretrial Services.

You're not to possess a firearm, destructive device, or other weapon.

You are to report as soon as possible to Pretrial Services any contact with law enforcement.  So if, for example, you were stopped on a traffic stop, of course, if you were arrested, or if you were questioned by police, either in person or by phone, you're to disclose that to your supervising officer promptly.

And then also you're to participate in the computer monitoring program administered by Pretrial Services, as detailed in the appended conditions.  I will have those appended conditions for you as well.  But that would include -- that would allow some computer use, but you would be prohibited from using any Apple electronic device, such as an iPhone, MacBook, or iPad.  And you will be restricted from using social media.

Does the Government wish to be heard with respect to any other conditions?

MR. MAZZURCO:  No.  That's it, Your Honor.  Thank you.

THE COURT:  Mr. Crum, do you wish to be heard with

respect to any of the conditions I've announced?

MR. CRUM:  No, Your Honor.

THE COURT:  Okay.

MR. CRUM:  Those are all my understandings of what they would be.

THE COURT:  Okay.  At this time, if you would approach.  If you will take this, and you can visit with Ms. Chen about her right to the preliminary hearing and with respect to those conditions.

Once you've reviewed the conditions to her satisfaction, if you'll have her sign that Order Setting Conditions as well, okay?

MR. CRUM:  Yes, Your Honor.

THE COURT:  All right.  We're in recess as to this matter.

MR. CRUM:  Thank you.

THE DEFENDANT:  Thank you, Your Honor.

THE COURT:  Thank you.

(A recess ensued from 11:09 a.m. until 11:23 a.m.)

THE COURT:  All right.  Returning to Ms. Chen's case.

I don't believe, for purposes of the record, I had previously advised the Government of its obligations under *Brady v. Maryland* and its progeny.  And I'll just remind the Government that failure to timely fulfill those obligations

may result in sanctions, including the exclusion of evidence, adverse jury instructions, dismissal of charges, and contempt proceedings.

Mr. Crum, have you had an opportunity to visit with Ms. Chen about her right to the preliminary hearing?

MR. CRUM:  I have, Your Honor.

THE COURT:  And how would she like to proceed?

MR. CRUM:  She'd like to waive the hearing, Your Honor.

THE COURT:  Okay.  Ms. Chen, have you had an opportunity to speak with Mr. Crum about your right to the preliminary hearing?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  After talking with him about it, is it your decision to waive or give up your right to that hearing?

THE DEFENDANT:  I'll waive the hearing.

THE COURT:  Okay.  I believe he's showing you a form concerning the waiver of your preliminary hearing.

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Did you review that with him and sign it at the bottom?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And, again, by signing it, are you confirming that you do not want to have a preliminary hearing in this case?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Based on your answers, I find that you have knowingly and voluntarily waived your right to the preliminary hearing, and I find probable cause to support the allegations in the criminal complaint.

Ms. Chen, have you had an opportunity to review with your attorney the conditions that I intend to impose in this case?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Mr. Crum, is there any objection to any of the conditions that I intend to impose?

MR. CRUM:  No, Your Honor.

THE COURT:  Ms. Chen, for any of these conditions that I intend to impose, are you able to understand each one of those conditions?

THE DEFENDANT:  Yes, Your Honor.  I do have a question.

THE COURT:  Okay.  I would encourage you to speak with your attorney --

THE DEFENDANT:  Oh.

THE COURT:  -- on that subject.

THE DEFENDANT:  Okay.  Thank you.

(Pause.)

THE COURT:  Mr. Crum, do you want to articulate her question or concern?

MR. CRUM:  Well, she had already given blood in an

oral swab to the FBI, and so she was just concerned about -- and fingerprints.  And she just asked if she needed to do another DNA sample if requested, and I told her that she would.

THE COURT:  If they require it, yes.  Under the statute, there in I believe it's the second or third condition, it may be required.  But given if the sample has already been given, they may not require it.

THE DEFENDANT:  Okay.

THE COURT:  Okay?

THE DEFENDANT:  Thank you, Your Honor.

THE COURT:  Uh-huh.  Are there any of those conditions that I am imposing that you do not think you can comply with?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Very good.  I want to -- if you will -- has she signed?

MR. CRUM:  She has, Judge.

THE COURT:  Okay.  If you will approach.  Thank you. Ms. Chen, I want to explain the importance of your complete compliance with each of the conditions that I am setting in this case.

If you were to violate any of these conditions that I'm imposing, it could have immediate and very serious consequences for your case.  Among other things, a violation

could result in your immediate arrest, and it could require that you remain in custody as long as the charges in this case are pending.

One of the conditions that I'm imposing is that you appear in court as directed. And so if you failed to appear in court, that, of course, would violate these conditions and it could have those consequences that I had just mentioned.

I do want to let you know, however, that failure to appear in court as directed could also be charged as a new crime for which you could be separately prosecuted and punished. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: We don't know, of course, how this case is going to be resolved. If, however, you ultimately are indicted in this case and convicted and sentenced to a term of imprisonment, and if the District Judge allows you to self-surrender to the Bureau of Prisons, your failure to appear before the Bureau of Prisons at a time and place designated, that also could be charged as a new offense. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And finally, I'm required to warn you that, as someone who will be on pretrial release, if you were to commit a new federal felony offense while you're on pretrial release, that new offense could be punished more

severely than if it had been committed by someone who is not on pretrial release.

Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  All right, Ms. Chen.  I have signed the Order Setting Conditions of Release and authorizing your release after processing.  I have also signed the supplement to the order that supplements Condition #7G, and that will be filed under seal.

Is there anything further for the Court to take up in this case?

MR. MAZZURCO:  Not from the Government, Your Honor.

THE COURT:  Mr. Crum?

MR. CRUM:  No, Your Honor.  Thank you.

THE COURT:  Very well.  Then we are adjourned.

MR. MAZZURCO:  Thank you, Judge.

THE COURT:  Thank you.

THE COURT:  All rise.

(Proceedings concluded 11:28 a.m.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

**/s/ Kathy Rehling**                                                        **01/30/2026**

_____          _____
Kathy Rehling, CETD-444                                                    Date
Certified Electronic Court Transcriber

INDEX

PROCEEDINGS                                                                2

WITNESSES

-none-

EXHIBITS

-none-

RULINGS

Appointment of Counsel                                                      4
Waiver of Preliminary Hearing/Probable Cause Findings                      12
Defendant Released on Conditions                                           15

CONCLUSION OF PROCEEDINGS                                                   15

INDEX                                                                       16