IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | No. 3:25-CR-457-N |
| FANGZHOU CHEN, | § | |
| a.k.a. Amber Chen, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On January 13, 2026, Defendant Fangzhou Chen filed a Sealed Motion for Reconsideration of Detention Order and for Release on Conditions. (Dkt. No. 39.) The government filed its redacted response on January 30 (Dkt. No. 43) and filed portions and exhibits under seal on February 2 (Dkt. No. 44). Chen was given an opportunity to file a reply but has not done so (*see* Dkt. No. 41), but she has submitted sealed exhibits in support of her motion (*see* Dkt. No. 48). Senior United States District Judge David C. Godbey referred the motion to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b). (Dkt. No. 40.)

Because Chen seeks relief under 18 U.S.C. § 3145(b), the undersigned enters these findings, conclusions, and recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 3145(b) for the District Judge's determination. For the reasons that follow, the undersigned recommends that Chen's motion be denied.

-1-

## I. BACKGROUND

Ms. Chen first appeared before the Court on September 10, 2025, on a criminal complaint charging her with cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B), and transmitting threatening communications in interstate commerce, in violation of 18 U.S.C. § 875(c). (*See* Dkt. Nos. 1, 3.)[1] The undersigned set conditions of release at the initial appearance. (*See* Dkt. No. 8.) Among those conditions was a no-contact order with any person who may be a victim or witness in this case, including persons listed by name in a supplement that was filed under seal. (*See* Dkt. No. 8 at 2 (Condition No. 7(g)); Dkt. No. 9.) The sealed supplement was explicit in stating that it was not to be republished without Court authorization. (*See* Dkt. No. 9.) The undersigned also ordered Chen to participate in a computer monitoring program administered by Pretrial Services through which she would be authorized to use a computer or internet-connected for "LEGITIMATE AND NECESSARY purposes pre-approved by Pretrial Services[.]" (Dkt. No. 2, 4 (Condition No. 7(s)).) Chen had an opportunity to review the conditions of release with her attorney, and she reported that she understood and could comply with each one of them. (Dkt. No. 42 at 12-13.)

On November 6, 2025, the undersigned magistrate judge held a hearing on the government's motion to revoke pretrial release. (*See* Dkt. Nos. 29, 32.) Based on the evidence presented, the undersigned found by clear and convincing evidence that

---

[1] Chen has since been charged by indictment. (*See* Dkt. No. 16.)

Chen violated Condition No. 7(a)—which required her to submit to supervision—by refusing to accept phone calls from the supervising officer and by advising the officer that she would no longer speak to him, instructing him to direct all contact to her attorney instead. (Dkt. No. 31 at 1.) The undersigned also found that she violated Condition No. 7(s) by failing to refrain from the use of an internet-connected computer except for legitimate and necessary purposes approved by pretrial services. (*Id.*) It further found that these violations resulted from Chen's intentional conduct and were not due to any lack of clarity or understanding of the conditions that had been imposed. (*Id.*) Evidence was presented at the hearing establishing that Chen posted statements online specifically identifying and referring to individuals identified in the sealed supplement to the conditions of release. The undersigned revoked Chen's release and ordered that she be detained pending trial. (*See* Dkt. No. 31.) Chen has since hired new counsel. (Dkt. No. 35.)

Through new counsel, Chen filed the instant motion asking the Court to reconsider its detention order and, upon reconsideration, to re-release her on conditions. (Dkt. No. 39.) The gravamen of her motion is that, due at least in part to prior counsel's deficiencies, she did not understand that the previously imposed conditions of release prohibited her from posting online about the individuals named in the sealed supplement. Chen cites 18 U.S.C. §§ 3142(f), 3142(i), and 3145(b) and authority recognizing that excessively prolonged pretrial detention may violate due process as the bases of her motion.

## II.  LEGAL STANDARDS AND ANALYSIS

A.  18 U.S.C. § 3142(f)(2)

Under 18 U.S.C. § 3142(f), a court may reopen a detention hearing at any time before trial if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  "The Fifth Circuit has interpreted this standard as requiring 'new' information."  *United States v. Morris*, 452 F. Supp. 3d 484, 487 (N.D. Tex. 2020) (citing *United States v. Standford*, 367 F. App'x 507, 509-10 (5th Cir. 2010)).  "New and material information for the purposes of § 3142(f)(2)[] consists of 'truly changed circumstances, something unexpected, or a significant event,' and courts have interpreted the requirements of this provision strictly."  *Id.*  Conclusory allegations that information was "newly discovered" are insufficient; "a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable."  *Id.* (citing *Stanford*, 341 F. App'x at 984).

Chen has not established grounds for reopening a detention hearing under § 3142(f)(2).  The "new information" advanced in the motion generally does not pertain to events postdating the revocation hearing or facts that were unknown to Chen and her attorney at the time of the revocation hearing.  Rather, she portrays as new facts what are instead merely new contentions based on facts that existed and were known by Chen and her attorney at the time of the revocation hearing.  (*See,*

*e.g.*, Dkt. No. 39 at 6-7 (portraying as "new information" lack of proof Chen received a copy of the sealed supplement and that she removed victim names and an entire section of her online blog after being counseled by the supervising officer).)[2] She also avers that subsequent events—e.g., hiring new counsel, arriving at a better understanding the conditions imposed based on counsel's explanations "over the course of dozens of hours of attorney visitation" (Dkt. No. 39 at 10), and a greater commitment to compliance—constitute changed circumstances warranting reopening detention. (*See* Dkt. No. 39 at 6-11.) This is not the kind of new information that warrants reopening a detention hearing.

Even accepting that this information is new, Chen's request to reopen a detention hearing should be denied because, based on the particular facts of this case, the information does not have a "material bearing on the issue whether" the Court may impose suitable conditions of release. *See* 18 U.S.C. § 3142(f)(2). Chen refused to submit to supervision when she refused to accept calls and said she would no loner speak to her supervising officer. As the undersigned noted at the revocation hearing, submitting to supervision is "a very basic condition of release," and her willful

---

[2] Some of Chen's factual assertions are readily disproved by the record. For example, she suggests it cannot be proved that she received the sealed supplement or was even aware of its contents. (Dkt. No. 39 at 6.) At Chen's initial appearance, however, the undersigned created the sealed supplement precisely so Chen would know who was included within the no-contact condition. (*See* Dkt. No. 42 at 8 ("And so my proposal, so that the record is clear and she understands with clarity at least who these six people are, is that I would sign this order as a supplement to my Order Setting Conditions, and that this would remain under seal but she would have a copy."); *see also id.* at 8-9 (defense counsel confirming he received a list of the individuals and that Chen was aware of them); Dkt. No. 48 at ECF p. 2.)

refusal to submit to supervision is highly probative of the issue of whether the Court can set conditions that would reasonably ensure her appearance and community safety. (*See* Dkt. No. 33 at 46.) Even if the undersigned were to credit Chen's averments that she did not understand that she was precluded from posting victims' identities and discussing them online, it would not alter its conclusion that detention was appropriate upon re-assessment of the factors at 18 U.S.C. § 3142(g).

**B.     18 U.S.C. § 3142(i)**

Chen also moves for reconsideration of the detention order under 18 U.S.C. § 3142(i). By that provision, a judicial officer may authorize a temporary release of a detained person "to the extent the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Temporary release under § 3142(i) is not, as Chen's brief might suggest, just another statutory avenue for undoing a detention order. Rather, that provision applies only in "rare circumstances," when a temporary release is "necessary" for preparation of a defense or other compelling circumstances. *See United States v. Bello*, No. 4:23-CR-135-ALM-BD, 2025 WL 28005, at *2 (E.D. Tex. Jan. 3, 2025) (internal quotation marks omitted). Chen does not request a temporary release, nor does she show that such release is necessary for the preparation of her defense or another compelling reason. Her request to reconsider the detention order under this provision should be denied.

### C.   18 U.S.C. § 3145(b)

The Court next considers whether reconsideration of detention is appropriate under 18 U.S.C. § 3145(b). That provision enables a person to file a motion seeking review of a detention order that was entered by a magistrate judge. *See* 18 U.S.C. § 3145(b). When a defendant seeks review of a magistrate judge's detention order within 14 days of the order, as provided by Fed. R. Crim. P. 59(a), the District Court's review is de novo, and it must make an independent determination. *See United States v. Green*, No. 3:18-CR-356-S, 2019 WL 6529446, at *2 (N.D. Tex. Dec. 4, 2019). When the defendant's request to review a detention order comes after the 14-day deadline, however, "the right to review is waived, and review by the district court following such a waiver is discretionary and not a matter of right." *United States v. Watts*, No. 3:09-CR-249-D, 2010 WL 11452009, at *1 (N.D. Tex. June 25, 2010); *see also United State v. Okoro*, No. 3:21-CR-435-N-4, 2023 WL 6166465, at *2 (N.D. Tex. Sept. 21, 2023). Chen filed her motion long after the 14-day period to seek de novo review. Review of the detention order, therefore, is discretionary.

The Court should decline to reopen a detention hearing. Chen's motion is predicated on claimed misunderstandings and deficiencies of prior counsel. After a hearing, at which Chen was very ably represented by counsel, Chen testified that she did not believe that a pretrial services officer adequately explained her conditions of supervision and stated her belief that she posted names in the sealed supplement on the internet because her supervising officer did not adequately explain that she could not do so. (Dkt. No. 33 at 27, 29.) The undersigned found, however, that Chen was

not credible in her assertions that she did not adequately understand the conditions of release that had been imposed. (*See id.* at 45.) That finding was justified, in part, based on the supervising officer's testimony.[3] He testified that, after seeing victims' names listed on Chen's website, he and a supervisor met and counseled Chen about removing the information from her website, and she came into compliance. (*Id.* at 7-8.) Soon after, however, the officer was notified that Chen resumed online activities publicly discussing victims in this case. (*Id.* at 9.) These circumstances undercut Chen's assertion that her noncompliance resulted from others' inadequate explanations to her about the conditions imposed. The facts presented do not warrant reconsideration of the detention order.

### D.   Due Process

Finally, the undersigned addresses Chen's assertion that release is warranted by due process considerations. (*See* Dkt. No. 39 at 13-14.) She argues that she has been adequately punished for her violation of conditions and that any additional detention "risks transforming a regulatory measure into punitive incarceration." (*Id.* at 13.) The undersigned revoked Chen's release after determining that she is unlikely to comply with conditions the Court would find appropriate to reasonably assure

---

[3] The undersigned also pointed to the fact that Chen is a law school graduate. (Dkt. No. 33 at 44.) In her motion, Chen contends that, although she is a licensed attorney, she is not familiar with terms and practices used in criminal proceedings. (Dkt. No. 39 at 3.) But the undersigned did not rely on Chen's attorney status to presume familiarity with criminal proceedings. Rather, her attorney status provides some indicia that she possesses an adequate level of intelligence and comprehension to understand the conditions of release.

that Chen would appear in court as directed and community safety. (Dkt. No. 31 at 1-2; Dkt. No. 33 at 46.)

The Fifth Circuit has noted that there is no specific length of pretrial detention that violates due process; instead, the "due-process limit on the duration of preventative detention requires assessment on a case-by-case basis." *United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989). In making that assessment, courts must consider the § 3142(g) factors relevant to the initial detention decision along with "additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay." *Id.* Chen has been detained for three months, and her case is set for trial in little more than two months. (*See* Dkt. No. 50.) This anticipated time in custody does not, of itself, constitute an excessively prolonged detention. *Cf. United States v. Stanford*, 722 F. Supp. 2d 803, 807-08 (S.D. Tex. 2010) (noting, where defendant had been detained 12 months and would be detained for 19 months by the time of trial, that "length of detention 'will rarely by itself offend due process'" (quoting *United States v. Orena*, 986 F.2d 628, 631 (2d Cir. 1993)). Additionally, Chen has not shown that the government has caused any delay, much less that delay is a prosecutorial strategy. Rather, the only motion to continue filed in this case was prompted by Chen's appearance of new counsel in this case. (*See* Dkt. No. 37.) Considering all the relevant factors, the undersigned finds that Chen's pretrial detention has not crossed over the line to become punitive in violation of her due process rights.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court DENY Chen's Motion for Reconsideration of Detention Order and for Release on Conditions. (Dkt. No. 39.)

**SO RECOMMENDED** on February 9, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).